<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **INA M. COLLINS,**<br><br>*Plaintiff*,<br><br>v.<br><br>**MARY KAY, INC., et al.,**<br><br>*Defendants.* | **Civil Action No. 15-7129**<br><br>**OPINION** |

      This matter comes before the Court by way of Defendants Mary Kay, Inc. ("Mary Kay"); ABC Corp.; and Jane and John Does' (collectively, "Defendants") Motion to Dismiss under the doctrine of <u>forum non conveniens</u>. Dkt. No. 7. Plaintiff Ina Collins ("Plaintiff") opposes the Motion. Dkt. No. 9. The Court did not hear oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, the motion is **GRANTED**.

**I. BACKGROUND**

      Plaintiff is a New Jersey resident and previously worked as a Mary Kay Beauty Consultant. Compl. ¶ 7, Dkt. No. 1. Defendant Mary Kay uses Beauty Consultants to sell cosmetic products, and has its principal place of business in Addison, Texas. <u>Id.</u> ¶¶ 2, 12-14. On August 18, 2004, Plaintiff and Defendant entered into a contract by which Plaintiff became an Independent Beauty Consultant on behalf of Defendant. Johnson Cert. Ex. A, Dkt. No. 7-1. On May 1, 2005, Plaintiff and Defendant entered into a second contract by which Plaintiff became an Independent Sales Director on behalf of Defendant. <u>Id.</u> Ex. B. Each of the contracts (collectively, the "Agreements") contains a forum selection clause which provides:

> The parties further agree that if any dispute or controversy should arise between them concerning any matter relating to this Agreement that any issues which either

1

> party may elect to submit for legal jurisdiction shall be submitted to the jurisdiction of the courts of the State of Texas and the parties agree that the proper venue shall be Dallas, Dallas County, Texas.

Id. Ex. A at 2, Ex. B at 7.  Although Defendant has made occasional revisions to the Agreements, the foregoing forum selection clause has been included in all revisions.  Id. ¶ 7.

After accepting the Agreements, Plaintiff began selling Defendant's products.  Compl. ¶¶ 10-14.  Plaintiff alleges that during this time she was an employee of Mary Kay, Inc. even though the company classified her as an independent contractor.  Id. ¶ 11.  Plaintiff also alleges that Defendant "compel[led] her and similarly situated class members to purchase products, along with other goods, services, and items . . . that were required as part of their employment."[1]  Id. ¶ 29.

On September 28, 2015, Plaintiff filed a Complaint in this Court alleging that Mary Kay's treatment of her violated the New Jersey Wage Payment Law ("NJWPL"), N.J. Stat. Ann. § 34:11-4.1 et seq. (2016).  Dkt. No. 1.  On November 13, Defendant Mary Kay filed the instant motion to dismiss, arguing that the Agreements' forum selection clause requires that this action be brought in the courts of the State of Texas.  For the following reasons, the Court agrees with Defendant.

## II. LEGAL STANDARD

Because questions of venue are procedural rather than substantive, a federal court determines the effect to be given a contractual forum selection clause in a diversity case by applying federal law rather than state law.  Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29-31 (1988); Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995).  Where venue would be proper in the initial forum court absent a forum selection clause, the presence of a forum

---

[1] Specifically, Plaintiff was allegedly compelled to purchase and distribute sales marketing materials such as pamphlets, leaflets, postcards, catalogs, emails, and DVD's, Compl. ¶ 17A; purchase merchandise items including face-washing cloths and product samples, id. ¶ 17B; and attend local, regional, and national Mary Kay meetings for which she was required to purchase and wear uniforms and formal gowns, id. ¶ 17C.

2

selection clause does not render dismissal pursuant to Fed. R. Civ. P. 12(b)(3) or 28 U.S.C. § 1406 appropriate. Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 577 (2013). Instead, the appropriate way to enforce the forum selection clause is through the doctrine of forum non conveniens. Id. at 580. In doing so, courts should evaluate a forum selection clause pointing to a non-federal forum in the same way they evaluate a forum selection clause pointing to a federal forum under 28 U.S.C. § 1404(a). Atl. Marine, 134 S. Ct. at 580. That is, "the same standards should apply to motions to dismiss" as applied to motions to transfer. Id. at 583 n.8.

**III. ANALYSIS**

Plaintiff opposes dismissal on the grounds that her NJWPL claim does not fall within the scope of the forum selection clause. The Court first examines whether the forum selection clause is enforceable, and then determines whether Plaintiff's claims are within its reach.

### A. Enforceability of the Forum Selection Clause

When considering a § 1404(a) motion to dismiss based on forum non conveniens, a district court must weigh four issues: (1) the availability of an alternative forum to hear the case; (2) the amount of deference to accord Plaintiff's choice of forum; (3) the parties' private interests; and (4) a variety of public interest factors. Tech. Dev. Co., Ltd. v. Onischenko, 174 F. App'x 117, 119-20 (3d Cir. 2006). However, the § 1404(a) calculus changes in three ways when a forum non conveniens motion is premised on a forum-selection clause, as it is here. Atl. Marine, 134 S. Ct. at 581. First, Plaintiff's choice of forum "merits no weight," and "the plaintiff must bear the burden of showing why the court should not [dismiss the case]." Id. at 581-82. Second, the Court "should not consider arguments about the parties' private interests."[2] Id. Third, "the court in the

---

[2] "A district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a [dismissal] motion, the practical result is that forum-selection clauses should control except in unusual cases." Atl. Marine, 134 S. Ct. at 582 (internal citation omitted).

contractually selected venue should not apply the law of the transferor venue to which the parties waived their right." Id. at 583. With the Atl. Marine modifications in mind, the Court assesses the appropriateness of enforcing the forum selection clause.

### 1. Availability of an Alternative Forum

The first inquiry, whether an alternative forum exists, is usually satisfied where "the defendant is amenable to process in the other jurisdiction." See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 n.22 (1981) (internal quotation marks omitted); SRS, Inc. v. Airflex Indus., Inc., No. 07-6122, 2008 WL 4792687, at *3 (D.N.J. Oct. 31, 2008) (finding an alternative forum available where defendant corporation was subject to process in another jurisdiction). Here, Defendant Mary Kay, Inc. is a corporation with its principal place of business in Addison, Texas. Johnson Cert. ¶ 8, Dkt. Defendant is thus subject to process in Texas, see Tex. Bus. Orgs. Code § 5.201, satisfying the Court that an adequate alternative forum exists.

### 2. Amount of Deference Due to Plaintiff's Choice of Forum

Second, the Court determines the amount of deference due to Plaintiff's choice of forum in the District of New Jersey. By agreeing to a forum selection clause, the parties have "waived the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of litigation." Atl. Marine, 134 S. Ct. at 582. As a result, this factor "weighs entirely in favor of the preselected forum," id. at 582, and "[P]laintiff's choice of forum merits no weight," id. at 581.

### 3. Public Interest Factors

Finally, the Court weighs several public interest factors, including: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity

of the trial judge with the applicable state law in diversity cases. Jumara, 55 F.3d at 879-80. Plaintiff, "[a]s the party acting in violation of the forum-selection clause . . . must bear the burden of showing that public-interest factors overwhelmingly disfavor [dismissal]." Atl. Marine, 134 S. Ct. at 583. Plaintiff has not met that burden here; she fails to raise any public interest considerations that would make litigating in this district preferable to litigating in Texas state court.

In contrast, Defendant has offered many rationales that favor enforcing the forum selection clause. First, a Texas court can more easily enforce a judgment against Defendant than this Court. Defendant is located in Addison, Texas, Johnson Cert. ¶ 8, and enforcing a judgment against a resident defendant is typically easier than doing so against a non-resident. See Yacovella v. Apparel Imports, Inc., No. 14-5484, 2015 U.S. Dist. LEXIS 115291, at *26 (D.N.J. Aug. 31, 2015). Second, practical considerations favor Texas as the forum. All of Defendant's witnesses work at the Mary Kay corporate headquarters in Texas, Johnson Cert. ¶ 8, and "the deposition of a corporate officer or employee should usually take place at the corporation's principal place of business . . . ." Phila. Indem. Ins. Co. v. Federal Ins. Co., 215 F.R.D. 492, 495 (E.D. Pa. 2003); see also 8A C. Wright & A. Miller, Federal Practice & Procedure § 2112 (3d ed. 2016). Accordingly, pretrial discovery may be conducted more quickly and efficiently in Texas than in New Jersey, where only the Plaintiff resides. Furthermore, the public policies of the two fora support enforcing the forum selection clause. See, e.g., Ashraf Ebid v. Global Futures & Forex, Ltd., No. 10-4372, 2010 U.S. Dist. LEXIS 123596, at *17 (D.N.J. Nov. 22, 2010) (finding that New Jersey law favors enforcing forum selection clauses); In re Automated Collection Techs. Inc., 156 S.W. 3d 557, 599 (Tex. 2004) ("[E]nforcement of forum selection clauses is mandatory unless the party opposing enforcement 'clearly show[s] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'"). Finally, the Agreement contains a choice-of-law provision requiring the application of Texas law. Johnson

Cert. Ex. B § 17. Although this Court is capable of effectively applying Texas law, it is logical that a Texas court would have greater familiarity with its application. See Lasoff v. Amazon.com, Inc., No. 15-2886, 2016 WL 355076, at *4 (D.N.J. Jan. 28, 2016) (finding transfer from New Jersey appropriate where a choice-of-law clause required the application of Washington State law). On balance, these factors weigh in favor of enforcing the forum selection clause and dismissing the case.[3]

Because an alternative forum has jurisdiction to hear this case, the parties' have contractually preselected to litigate in that forum, and an analysis of public interest factors favors Texas state court over this district as the superior forum, the Court must enforce the forum selection clause.

### B. Scope of the Forum Selection Clause

Plaintiff does not contest that she entered into the Agreements or that they contained a valid forum selection clause. Rather, Plaintiff contends that the forum selection clause does not encompass her NJWPL claim because it "only addresses disputes or controversies 'concerning any matter relating to this Agreement,'" and "[i]t makes no mention whatsoever of non-contractual claims, statutory rights, or employment related issues . . . ." Pl.'s Opp'n Br. at 10, Dkt. No. 9. The Court disagrees.

The Third Circuit has held that "pleading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms." Crescent Inter., Inc. v. Avatar Communities, Inc., 857 F.2d 943, 944 (3d Cir. 1988) (citations omitted). Furthermore, "[a]n action need not even allege

---

[3] Plaintiff does not argue that waiver of NJWPL claims in this context would be void as against public policy. The Court finds no such concerns here either, given that Texas law contains arguably similar provisions. See Tex. Lab. Code §§ 61.001-64.003.

contract-based claims in order for a forum selection clause in a contract to be enforced."[4] Carlyl Inv. Management LLC v. Moonmouth Co. SA, 779 F.3d 214, 220 (3d Cir. 2015). Rather than distinguish between claims on the basis of their origin in contract or statute, "[c]ourts look to the language of the forum selection clause to determine its scope." Schering Corp. v. First Databank, Inc., 479 F. Supp. 2d 468, 470 (D.N.J. 2007) (citing John Wyeth & Brother Ltd. v. Cigna Int'l Corp., 119 F.3d 1070, 1075 (3d Cir. 1997)). A clause governing "claims 'related to' or 'concerning' the parties' agreement applies to a broader range of claims than a clause governing claims 'arising under' the agreement." Schering Corp., 479 F. Supp. 2d at 470-71 (citations omitted).

> Here, the forum selection clause provides:
>
> The parties further agree that if any dispute or controversy should arise between them concerning any matter relating to this Agreement that any issues which either party may elect to submit for legal jurisdiction shall be submitted to the jurisdiction of the courts of the State of Texas and the parties agree that the proper venue shall be Dallas, Dallas County, Texas.

Johnson Cert. Ex. B at 7. The forum selection clause in the Agreements is broadly worded to cover "any dispute or controversy . . . concerning any matter relating to this Agreement." Accordingly, Plaintiff's claims need only be "connected [to the Agreement] by reason of an established or discoverable relation" to fall within its scope. Carlyl, 779 F.3d at 220 (quoting Huffington v. T.C. Grp., LLC, 637 F.3d 18, 22 (1st Cir. 2011) (applying a forum selection clause where plaintiff only

---

[4] Plaintiff argues that the forum selection clause is inapplicable because she is "not bringing this matter to enforce rights under the . . . Agreement or to interpret its provisions. Rather, [she] seek[s] to invoke . . . independent statutory rights . . . ." Pl.'s Opp'n Br. at 10. Such a categorical distinction is misplaced. "The question of the scope of a forum selection clause is one of contract interpretation." Wyeth, 119 F.3d at 1073. Plaintiff "errs by premising its argument on what it alleges to be general principles regarding the application of forum selection clauses, rather than focusing on the language of the particular clause at issue." Id. at 1076.

7

pled statutory causes of action)). Put differently, any of Plaintiff's "claims that stem from the contractual relationship" are subject to the forum selection clause.[5] Id. at 220.

In this case, Plaintiff's NJWPL claim stems from the contractual relationship because it "would not have arisen without the . . . contract." Id. Her claim "arise[s] out of the contractual relationship and implicate[s] the contract's terms." Crescent, 857 F.2d at 944. For example, the Complaint alleges that Defendant violated the NJWPL "by compelling Plaintiff and all Class Members to purchase products . . . that were required as part of their employment." Compl. ¶ 29. Defendant also allegedly violated the NJWPL by "misclassif[ying] Plaintiff and all Class Members as independent contractors . . . ," id. ¶ 11; "establish[ing] rigid rules for Beauty Consultants whereby [Mary Kay] would require Plaintiff and all Class Members to purchase designated minimum amounts of Mary Kay products in order to maintain their designation as Beauty Consultants . . . ," id. ¶ 16; and "regularly requir[ing] non-negotiable payments (under threat of termination) from Plaintiff and all Class Members for materials that Defendant created and sold," id. ¶ 17.

These allegations cannot exist apart from the terms of Plaintiff's employment, as they stem from the Agreement. The Agreement explicitly provides for Plaintiff's classification as an independent contractor, see Johnson Cert. Ex. B. § 11, and discusses the conditions under which

---

[5] Plaintiff cites to several cases for the proposition that "New Jersey courts will only enforce waivers, such as forum selection clauses, as to statutory employment claims when the waiver clearly includes such claims." Pl.'s Opp'n Br. at 3. However, many of the cases Plaintiff relies on involve "narrowly worded forum selection clauses." Pl.'s Opp'n Br. at 8. The clause at issue here is broadly worded to include "any matter relating to this Agreement." Johnson Cert. Ex. B at 7. "[W]hether or not a forum selection clause applies depends on what the specific clause at issue says." Wyeth, 119 F.3d at 1075. Plaintiff's cited cases are therefore inapposite. See Pl.'s Opp'n Br. at 8 (citing Daniels v. Dataworkforce LP, No. 14-0822, 2014 WL 6657794, at *2 (D. Colo. Nov. 24, 2014) (finding a clause that was limited to "any provision of this Agreement" inapplicable to statutory claims)); but see Daniels, 2014 WL 6657794, at *3 ("If the parties intended to include the FLSA or other statutory claims within the scope of the forum selection clause, they could have used broader language . . . .").

8

commission shall be paid and the categories of non-commissionable items, id. Ex. B § 4. Accordingly, Plaintiff's claim is subject to the forum selection clause and should be dismissed so it may be brought in the parties' contractually preselected forum.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, Dkt. No. 7, is **GRANTED.** An appropriate order accompanies this opinion.

Date: June 29, 2016                          */s Madeline Cox Arleo*
                                                      **MADELINE COX ARLEO**
                                                      **UNITED STATES DISTRICT JUDGE**